GIMÉNEZ, APPELLANT, v. THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1, Refusing Admission to Record of a Deed of Bargain and Sale.

No. 194.—Decided July 31, 1914.

CONJUGAL PARTNERSHIP—COMMUNITY PROPERTY—HUSBAND AND WIFE.—The general tendency and spirit of the law relative to husband and wife and community property is opposed to the idea of making any distinction between them, and the wife may acquire property for the conjugal partnership without the consent of her husband.

ATTORNEY IN FACT—MANAGING PARTNER—PRINCIPAL AND AGENT.—The managing partner of a firm is considered as its agent and, in accordance with the prohibition laid down in subdivision 2 of section 1362 of the Revised Civil Code, the managing partner of a firm cannot sell its property to his wife acting as agent of the conjugal partnership.

The facts are stated in the opinion.

*Messrs. Bosch & Soto* for the appellant.

Mr. José S. Belaval, the registrar, did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On May 13, 1914, Ramona Santana and the mercantile firm of M. Camblor y Compañía, S. en C., as the respective owners of two separate parcels of land, undertook to convey the same to María Secundina Giménez de Camblor, the partnership acting through its managing partner, Manuel Camblor, and the purchaser and appellant herein being his wife.

On the 20th of the same month this instrument was presented for record in the Registry of San Juan, and the endorsement of the registrar is as follows:

"The foregoing document is recorded, after examining another instrument, as to the second property of those which are grouped,

which was sold by Doña Ramona Santana, at folio 209, volume 31, northern Santurce, property 1299, first inscription; and the inscription is denied as to the property sold by the firm of M. Camblor & Co., S. en C., inasmuch as the sale is made by said firm through its manager, Don Manuel Camblor González, husband of the purchaser, considering that Doña María Secundina Giménez acquires the property under an onerous title, and therefore it must be presumed that the acquisition is for the benefit of the conjugal partnership, as required by section 1362 of the present Civil Code; and also inasmuch as in such alienation the personalities of the purchaser and the vendor are merged into one personality, as Don Manuel Camblor on one side is interested in the firm vendor and is its representative and administrator, being, on the other hand, a partner and administrator in the conjugal partnership for whom the acquisition is made, which would be of no legal effect without the consent of the latter, inasmuch as this acquisition by the conjugal partnership Camblor, is within the prohibition of paragraph second of section 1362 of the said code. And a cautionary notice has been taken for the period of four months in the first inscription cited above.''

Appellant undertakes to re-state more clearly and concisely the grounds upon which the registrar bases the ruling complained of as follows:

''*First.* That indulging the presumption that the purchase made by María Secundina Giménez for the mercantile firm of M. Camblor & Co. was made with money belonging to the conjugal partnership, the said sale is not subject to record for want of legal capacity upon the part of the purchaser to acquire property with money belonging to said partnership without the consent of her husband, Don Manuel Camblor.

''*Second.* That the acquisition of the real estate in question from M. Camblor & Co. by the conjugal partnership existing between Doña María Secundina Giménez and Manuel Camblor, falls within the prohibition contained in article 1362 of the Civil Code in view of the fact that Don Manuel Camblor is at one and the same time an administrative member of the said conjugal partnership and managing partner of the mercantile firm, vendor.''

We are strongly inclined to agree with the appellant that the proposition first above quoted is wholly untenable, and

we are somewhat at a loss to account for this feature of the ruling complained of if, as appellant contends, and as seems fairly to be inferred from the language of the endorsement, the registrar seriously intended to base his refusal in part upon the supposed incapacity of the wife to acquire property for the benefit of the conjugal partnership without the consent of the husband. In the absence of any brief upon the part of the registrar it is rather difficult to reconcile his refusal upon this ground to record the deed executed by the husband as managing partner of Camblor and Co. with his admission to record of the conveyance, likewise to the wife, in the same instrument by Ramona Santana. If consent upon the part of the husband in the latter transaction to which he was not actually a party, even in a representative capacity, is to be implied from the mere fact that he was present and made no objection, the same rule would apply *a fortiori* to the conveyance made by him as agent and member of the mercantile firm, at the same time, in the same instrument, and likewise to the wife.

It is true that the husband is the administrative head of the conjugal partnership, but it does not necessarily follow that the wife is incapacitated to accept a deed of conveyance without his consent. Aside from the mere question of administration, our attention has been drawn to no section of the code that draws any distinction whatsoever between the spouses, and the general tenor and spirit of the law in dealing with husband and wife and community property consistently negatives such idea of any further distinction. The significant omission from our local code of article 61 of the Spanish Code, which expressly provides that the wife cannot without permission or power of attorney from her husband acquire either by onerous or lucrative title, nor alienate her property nor bind herself except in the cases and under the restrictions provided for by law, also clearly indicates, to say the least, that we should not be unmindful

of the maxim *ubi lex non distinguit, nec nos distinguere debemos.*

As to the second proposition, however, we think the registrar is clearly right. Section 1362 of the Civil Code, in so far as pertinent to the question at issue, reads as follows:

"Section 1362.—The following persons cannot acquire by purchase, even at public or judicial auction, neither in person nor by an agent (*persona alguna intermedia*):

*        *        *        *  ·     *        ✸        ✸

"2. Agents, the property the administration or sale of which may have been entrusted to them." ·

The language employed, in the Spanish text at least, leaves no room for interpretation unless it be as to the scope of the word "agents" as used in the subdivision quoted. Appellant naturally attacks this word as the only vulnerable point and argues at some length that a managing partner is not an agent within the meaning of the code. Manresa, in discussing this article and subdivision, has already settled the question last mentioned:

"The incapacity of the agents to whom we have been referring, includes then to our way of thinking, among others, the managers, directors, or administrators of legal entities (*las sociedades*). If the juridical relationship that exists between these managers, directors, or administrators, and the legal entity (*la persona jurídica social*) be closely examined, we find that it is inspired by the principle of representation, and that all of them are, strictly speaking, no more than real agents.

"The contract of partnership (*sociedad*) ˙entered into binds the members as among themselves; but the partnership (*sociedad*) established and the administrators designated, another new tie (*vínculo*) arises between the latter and the partnership and this tie (*vínculo*) is no other than that of agency. If, then, they are agents, the incapacity of rule second of article 1459 includes them and therefore they cannot acquire by purchase the property of the partnership, because, precisely by reason of their office (*cargo*), they are charged with the administration thereof.

"We do not understand that this opinion violates the doctrine that incapacities cannot be extended to cases other than those provided by law because it being admitted, as, to say the least, it must be admitted, that we are dealing with agents, there is no extension whatsoever in holding them to be incapacitated, but rather a strict application of rule second of article 1459 of the code." 10 Manresa, 104.

Upon the ground last mentioned the ruling of the registrar must be affirmed.

*Decision affirmed on its last ground.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.